UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE FORTEGRA GROUP, INC.
and LOTSOLUTIONS INC.,

     Plaintiffs,

v.                                                                    Case No.: 3:26-cv-878-JEP-LLL

PINION RISK CONSULTING
LIMITED, PINION US SERVICES
LLC, PINION US HOLDINGS
LLC, JOEL VAAG, KYLE SELVIG
and LAURA BAIRD,

     Defendants.
_____/

## ORDER

**THIS CAUSE** is before this Court on the remainder of Plaintiffs'

"Second Emergency Motion for Temporary Restraining Order, Preliminary

Injunction, and Expedited Discovery" (Doc. 11), as to Plaintiffs' request for

expedited discovery, and the "Preliminary Response of Defendants Pinion Risk

Consulting Limited, Pinion US Services LLC, Pinion US Holdings LLC, and

Kyle Selvig" (Doc. 25) thereto.

On April 16, Plaintiffs filed the instant motion for a temporary

restraining order, a preliminary injunction, and expedited discovery. (*See* Doc.

11). On April 20, Defendants Pinion Risk, Pinion Insurance, and Selvig filed

their preliminary response to the motion for injunctive relief. (Doc. 25 at 1).[1] On April 21, 2026, this Court held the hearing on the temporary restraining order. (Doc. 29 at 1). Counsel for Defendants, including Baird (in a limited capacity) and Vaag, attended the hearing. (*See id.*). Today, this Court issued an Order granting Plaintiffs' request for a temporary restraining order and denying without prejudice Plaintiffs' request for a preliminary injunction. (Doc. 35 at 21). In the Order, this Court stated that a ruling on Plaintiffs' request for expedited discovery was forthcoming. (*Id.*). For the following reasons, this Court will grant Plaintiffs leave to conduct expedited discovery for a thirty-day period.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "Factors the Court considers in deciding whether a party has shown good cause" for such an order "include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." *Digit. Assurance*

---

[1] This Court's references to Defendants' arguments in the preliminary response do not refer to Defendant Vaag and refer to Baird only in her limited capacity, as she has not been served.

*Certification, LLC v. Pendolino*, No. 6:17-cv-72-Orl-31TBS, 2017 WL 715152, at *3 (M.D. Fla. Feb. 23, 2017) (citation omitted). In light of the narrowly tailored relief outlined in this Court's Order granting a temporary restraining order, and given that Plaintiffs sought (and presumably will continue to seek) a preliminary injunction, this Court finds good cause to grant Plaintiffs' request for thirty-day expedited discovery on the issues set forth in this Court's preceding Order. (*See* Doc. 35).

In their preliminary response, Defendants ask that they also be granted leave to obtain discovery from Plaintiffs. (Doc. 25 at 6). Absent a showing of good cause, this Court is not inclined to grant the request; however, Defendants may file a motion providing the basis for reciprocal expedited discovery. *See* Fed. R. Civ. P. 26(d)(1).

In light of the foregoing, it is **ORDERED**:

1. The remainder of Plaintiffs' "Second Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery" (Doc. 11), as to Plaintiffs' request for expedited discovery, is **GRANTED** as set forth in this Order.

2. Plaintiffs are granted leave to conduct expedited discovery over the next 30 days, including:

   a. Depositions of Defendants Joel Vaag, Laura Baird, and Kyle Selvig, as well as Pinion Insurance employees Philip Vandoninck and Neil

-3-

McConachie;

b. Targeted document requests, interrogatories, and requests for inspection concerning:

i. The acquisition, use, and dissemination of Fortegra information;

ii. Defendants' communications with one another and with third parties;

iii. Development of Pinion Insurance's business operations;

iv. Recruitment or solicitation of Fortegra personnel; and

v. Solicitation of Fortegra's current or prospective carriers, distributors, producers, or MGAs whose data was included in the materials forwarded by Defendant Vaag to his personal e-mail account.

c. Defendants shall respond to such discovery on an expedited basis, consistent with the 30-day period.

**DONE** and **ORDERED** in Jacksonville, Florida on April 22, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
Counsel for Record