United States District Court
Middle District of Florida
Jacksonville Division

**THE FORTEGRA GROUP, INC., ET AL.,**

    **Plaintiffs,**

**v.**                                             **NO. 3:26-CV-878-JEP-LLL**

**PINION RISK CONSULTING LIMITED, ET AL.,**

    **Defendants.**

_____

### Order

On April 14, 2026, plaintiffs initiated this action by filing a complaint. Doc. 1. The Court struck the complaint as an impermissible shotgun pleading, doc. 7 at 3–5, and plaintiffs filed an amended complaint on April 16, 2026, doc. 9. In their amended complaint, plaintiffs assert causes of action for misappropriation of trade secrets, breach of contract, breach of fiduciary duty and the duty of loyalty, aiding and abetting breach of fiduciary duty, and tortious interference with business relationship. Doc. 9 ¶¶ 149–219. The parties now move for entry of a Confidentiality Agreement and Protective Order. Doc. 81.

Under Rule 26(c) of the Federal Rules of Civil Procedure, "any [party] from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." When good cause is shown, the court may issue a protective order, but must articulate its reasons to allow appellate review, and balance the

interests of the parties and non-parties in the discovery material. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987).

After reviewing the motion, doc. 81, and the proposed Confidentiality Agreement and Protective Order, doc. 81-1, the Court makes these findings: (1) confidential and otherwise sensitive information is likely to be subject to discovery in this litigation; (2) the parties will likely request or produce information including confidential and proprietary business information or records for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted; (3) a protective order would hasten the production of discovery materials between the parties, encourage the prompt resolution of disputes over confidentiality, and protect truly confidential information; (4) much of the discovery materials will be confidential in nature and not otherwise available to anyone other than the producing party; (5) a document-by-document review of discovery material is not feasible if the case is to move forward in a timely fashion; and (6) a protective order preserves the right of the parties to challenge the "confidential" designation while challenging the merits in the public arena.

The Court finds that good cause has been shown for the entry of a protective order that incorporates the terms of the parties' proposed order because the sensitive nature of the information requires court intervention to adequately protect the legitimate interests of the party producing the information. The protective order strikes

the correct balance between the legitimate needs of the parties for confidentiality with the non-parties' interest in the discovery material.

It is **ordered**:

1. The parties' Renewed Joint Motion for Entry of Confidentiality Agreement and [Proposed] Protective Order, doc. 81, is **granted**.

2. The Confidentiality Agreement and Protective Order **will enter separately from this Order**.

3. The Court notes a change to the proposed Confidentiality Agreement and Protective Order, which can be found in paragraph 9 of Section B and includes a reference to the Local Rules of the United States District Court for the Middle District of Florida.

**Ordered** in Jacksonville, Florida, on June 23, 2026.



/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:
Jeffrey H. Fisher, Esquire
Michael David McWaters, Esquire
Andrew T. Williamson, Esquire
Laura Renstrom, Esquire
Susan Wallis Pangborn, Esquire
James C. Dugan, Esquire
John Lavelle Brennan, Esquire
Kevin Samuel Reed, Esquire
Kimberly E. Carson, Esquire
Leonidas Angelakos, Esquire
Michael B. Carlinsky, Esquire
Timothy John McGinn, Esquire
Michael E. Lockamy, Esquire
William Weber, Esquire